UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                              Case No: 13-20371
                                                 Honorable Victoria A. Roberts

DOREEN HENDRICKSON,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

    Ms. Hendrickson filed a Motion to Dismiss the Indictment against her, which charges her with criminal contempt in violation of 18 U.S.C. § 401(3). In her motion, Hendrickson challenges the Government's assertion that she wilfully violated a legitimate court order. She also challenges the jurisdiction of the court which issued the underlying order.

    The charge Hendrickson now faces, stems from a May 2, 2007 Amended Judgment and Order of Permanent Injunction issued against Hendrickson by the Honorable Nancy Edmunds in the case of *United States v Peter and Doreen Hendrickson*, 06-11753 involving tax obligations of Hendrickson and her husband. In the case before Judge Edmunds, Hendrickson unsuccessfully argued that the district court had no jurisdiction to issue and enforce its orders.

    The Sixth Circuit Court of Appeals took up numerous challenges to Judge Edmunds' jurisdiction and orders. *See id.*, docket #37 (*United States v Peter and Doreen Hendickson*, No. 07-1510, 2008 U.S. App. Lexis 27988, slip op. At 2-3 (6th Cir.

1

June 12, 2008) (unpublished) (characterizing the defendant's arguments "as plainly baseless tax protestor arguments" and "patently meritless")).

Hendrickson and her husband filed petitions for certiorari and rehearing with the United States Supreme Court. These were denied. Then, Hendrickson returned to Judge Edmunds and the Sixth Circuit with the same iteration of arguments. *See* No. 2:06-cv-11753, docket #47 (Defendants' Response to Plaintiff's Motion to Compel Discovery); id., docket #51 (Defendants' Response to Plaintiff's Motion to Compel Defendants to Render Dictated Testimony); *id.*, docket #56 (Defendant's Response to Magistrate's "Report and Recommendation"); *id.*, docket #58 (Motion to Vacate Judgment); *id.*, docket #66 (Defendant's Response to Plaintiff's Second Motion to Hold Defendant's in Contempt); *id.*, docket #69 (Motion for Reconsideration); *id* docket #82 (Motion to Vacate Judgment).  *See id.,* docket #91 *(United States v Peter and Doreen Hendrickson*, No. 10-1824, slip op. At 3-5 (6th Cir. Nov. 2, 2011) (unpublished)).

It is an understatement to say that Hendrickson exhausted all avenues for relief in the underlying case. Now, she attempts to collaterally attack the jurisdiction of Judge Edmunds.

Underlying court orders cannot be challenged in a contempt proceeding unless the court which issued the underlying order lacked jurisdiction to issue the orders. *United States v United Mine Workers of America,* 330 U.S. 258, 294 (1947); *Petition of Green*, 369 U.S. 689, 692 (1962); *Walker v City of Birmingham*, 388 US 307, 315(1967); *Cherokee Exp., Inc. v Cherokee Exp., Inc.*, 924 F.2d 603, 607 (6th Cir. 1991).

The Sixth Circuit has already heard and rejected Hendrickson's jurisdictional challenges; this Court has no authority to consider them again, under these

2

circumstances.

Finally, to the extent Hendrickson challenges the substance of the charge against her, she presents issues of fact which cannot be disposed of in her Rule 12 of the Federal Rules of Criminal Procedure motion to dismiss. See. e.g., *United States v Ali*, 557 F.3d 715, 719 (6th Cir. 2009) ("A motion under Rule 12 is therefore appropriate when it raises questions of law rather than fact.").

Hendrickson's Motion to Dismiss is **DENIED** in its entirety.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 23, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Hendrickson by electronic means or U.S. Mail on August 23, 2013.

S/Linda Vertriest
Deputy Clerk